**JOHNSON & JOHNSON LLP**
Neville L. Johnson (SBN 66329)
email: njohnson@jjllplaw.com
Douglas L. Johnson (SBN 209216)
email: djohnson@jjllplaw.com
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Tel: (310) 975-1080
Fax: (310) 975-1095

*Attorneys for Plaintiff*

**PRYOR CASHMAN LLP**
Michael J. Niborski (SBN 192111)
email: mniborski@pryorcashman.com
1801 Century Park East, 24th Floor
Los Angeles, California 90067-2302
Tel: (310) 556-9608
Fax: (310) 556-9670

*Attorneys for Defendants*

**UNITED STATED DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| PLAYBOY ENTERPRISES, INC., | CASE NO. CV 10-4750 MMM(MANx) |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |
| DRAKE aka AUBREY DRAKE GRAHAM, CASH MONEY RECORDS, INC., UNIVERSAL MUSIC GROUP, INC., UNIVERSAL MUSIC GROUP DISTRIBUTION, CORP., | Pretrial Conference: July 19, 2011 |
| | Trial Date: September 7, 2011 |
| Defendants. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation To Entry Of Protective Order and [Proposed] Protective

1

Order ("Proposed Protective Order") filed on February 24, 2011, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court, which is to govern the pretrial phase of this action, except to the extent, as set forth below, that those terms have been modified by the Court's amendment of Paragraph 12 and Exhibit A of the Proposed Protective Order.

The parties are expressly cautioned that the designation of any information, document, or thing as "Confidential," or other designation(s) used by parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal.  Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as "Confidential," or other designation(s) used by parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as "Confidential," or other designation(s) used by parties, does not – without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable – constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  See Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent

1  evidence supporting the application to file documents under seal must be provided
2  by declaration.
3       Any document that is not confidential, privileged, or otherwise protectible in
4  its entirety will not be filed under seal if the confidential portions can be redacted.
5  If documents can be redacted, then a redacted version for public viewing, omitting
6  only the confidential, privileged, or otherwise protectible portions of the document,
7  shall be filed. Any application that seeks to file documents under seal in their
8  entirety should include an explanation of why redaction is not feasible.
9
10           **TERMS OF PROTECTIVE ORDER**
11       1.    **Overview:**  Any person or party subject to this Protective Order who
12  receives from any other person or party any information of any kind provided in
13  the course of discovery in the action (hereinafter "Discovery Material") that is
14  designated as "Confidential" pursuant to the terms of this Protective Order
15  (hereinafter, the "Confidential Information" or "Confidential Discovery
16  Material") shall not disclose such Confidential Information to anyone else except
17  as expressly permitted hereunder.
18       2.    **Material Designated As "Confidential":**  The person or party
19  disclosing or producing any given Discovery Material may designate as
20  "Confidential" such portion of such material as the person or party in good faith
21  believes includes information that is not available to the public and is
22  confidential, proprietary, commercially sensitive, or constitutes a trade secret.
23  The designation shall be made by stamping or otherwise clearly marking each
24  page of the Discovery Material sought to be protected with the legend
25  "Confidential."  The parties, or some of them, request protection of such
26  information on the grounds that if disclosed it could be harmful to the parties, or
27  any of them, and that said information, if disclosed, could be helpful to the
28  competitors of the parties, or any of them, and that said information therefore

requires special protection from disclosure pursuant to F.R.C.P. 26(c).

3. **Disclosure Of "Confidential" Materials:** No person or party subject to this Protective Order, other than the producing person or party, shall disclose any of the Discovery Material designated by the producing person or party as "Confidential" to any other person whomsoever, except to:

(a) the parties to this action, except, with respect to the corporate parties, Discovery Material designated Confidential may only be disclosed to the corporate parties' Officers, Directors, Senior Vice-Presidents, and Controller;

(b) in-house (or corporate) legal counsel, and outside attorneys retained specifically for this action, and fellow employees of each such attorneys' law firms to whom it is reasonably necessary to disclose such Confidential Discovery Material;

(c) its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any employee, or former employee, of any sender or recipient of the document (*e.g.* where a Purchase Order from Company A to Company B is produced in litigation by Company A, said document may be disclosed to employees of Company B under the terms of this Protective Order).

(e) any person retained by a party to serve as an expert witness or otherwise providing specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(f) stenographers engaged to transcribe depositions conducted in this action and their support personnel; and

(g) the Court and its support personnel;

(h) any mediator or settlement officer, whom the parties have elected or consented to participate in the case.

(i) as required by law or court order upon notice to the designating

party sufficiently in advance of such disclosure to permit it to seek a protective order.

4. **Deposition Transcripts:** With respect to the Confidential portion(s) of any Discovery Material other than deposition transcripts and exhibits, the producing person or party or that person's or party's counsel may designate such portion(s) as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion(s) in a manner that will not interfere with its legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or party or that person or party's counsel may indicate on the record that a question calls for Confidential Information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

5. **Documents Under Seal:** The designation of documents or information as "Confidential" creates no entitlement to file such documents or information under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file materials under seal.

6. **Separate Non-Disclosure Agreements:** Prior to any disclosure of any Confidential Discovery Material to any person referred to in paragraph 3(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form reflected in Exhibit A hereto. Said counsel shall retain each signed Non-Disclosure Agreement, and, upon request, produce it to opposing counsel following the disclosure of expert witnesses pursuant to FRCP 26 and prior to such person testifying at deposition (or trial, if a deposition is not taken).

7. **Failure To Designate:** If at any time prior to the trial of this action, a producing person or party realizes that some portion(s) of Discovery Material that that person or party previously produced without limitation, or without adequate

5

limitation, should be designated as "Confidential," that person or party may so designate by so apprising all parties in writing, and providing said parties with appropriately marked copies of said Discovery Material, where possible, and such designated portion(s) of the Discovery Material will thereafter be treated as "Confidential" under the terms of this Protective Order.

8. **Designations In Good Faith:** "Confidential" material shall only include information which the designating party in good faith believes will, if disclosed, have the effect of causing harm to its competitive position. "Confidential" material shall not include information that (a) was, is or becomes public knowledge, not in violation of this Protective Order or any other obligation of confidentiality, or (b) was or is acquired from a third party having no direct or indirect obligation of confidentiality to the designating party.

9. **Objections To Designations:** Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as *in camera* review in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person or party a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for the objecting party may seek appropriate relief from the Court in accordance with Civil Local Rule 37, and the party asserting confidentiality shall have the burden of proving same. If a party disagrees with or challenges the grounds or basis for the designation of any document or information as Confidential Material, that party nevertheless shall treat and protect such material as Confidential Material in accordance with this Protective Order unless and until all involved parties shall have agreed in writing, or an order of the Court shall have been entered, that provides that such challenged Confidential Material may be used or disclosed in a manner different from that specified for Confidential Material in this Protective Order.

10. **Use At Trial:** Documents designated "Confidential" may be used

by any party without limitation at trial. However, any party who wishes to have such documents treated as "Confidential" may renew their request for confidentiality before the trial judge at the status conference, through a motion *in limine* and/or as may be otherwise permitted by the Court.

11. **Continuing Jurisdiction:** This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

12. **Obligations Upon Termination Of Litigation:** This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, including all appeals, all Discovery Materials designated as "Confidential," and all copies thereof, that have not been annotated, illuminated or otherwise "marked-up" **or filed with the Court(s)** shall be promptly returned to the producing person or party (at the producing person's expense), if requested in writing by the producing party or shall be destroyed. All documents marked "Confidential," that have been annotated, illuminated or otherwise "marked-up" shall not be returned, but shall be destroyed. Notwithstanding the foregoing, parties are permitted to maintain pleadings filed with the Court that mention the contents of and/or attach Discovery Materials designated as "Confidential," including without limitation any pleadings sealed by the Court.

13. **Further Modifications:** Any party to this action, and any third party producer may, at any time, request the modification of this Protective Order, upon a noticed motion, unless emergency relief is appropriate, and upon a showing of good cause.

**IT IS SO ORDERED.**

Date: March 11, 2011

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

## **EXHIBIT A**

NON-DISCLOSURE AGREEMENT

I understand that access to information designated as "Confidential" is provided to me under the terms and restrictions of the Protective Order entered on March 11, 2011, in the case entitled Playboy Enterprises, Inc. v. Drake, et al., CV 10-04750-MMM(MANx). I have received a copy of the Protective Order, have read it, and agree to be bound by its terms. I will not mention, disclose, or use information designated as "Confidential" that is provided to me in connection with this action except as permitted by the Protective Order.

Dated: _____

Signature: _____

Print Name: _____

Title: _____

Company: _____